**UNITED STATES of America**

v.

**George W. REDDICK, Appellant.**

**No. 06–3939.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Jan. 31, 2008.

Filed: April 2, 2008.

124

Christy H. Fawcett, Office of United States Attorney, Harrisburg, PA, for United States of America.

George W. Reddick, Fairton, NJ, pro se.

Before: RENDELL and CHAGARES, Circuit Judges, and POLLAK, District Judge *.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant George W. Reddick ("Reddick") was charged with distribution and possession with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). He pled guilty on March 30, 2006, and, on August 25, 2006, the District Court sentenced Reddick to 151 months of incarceration to be followed by three years of supervised release. He was also ordered to pay a $1,000 fine, $1,000 in community restitution, and a $100 special assessment. Reddick filed a timely notice of appeal.

Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), requesting permission to withdraw because he is unable to identify any non-frivolous issues for appeal after a conscientious review of the record. Reddick was given notice of his counsel's intent to withdraw and filed an untimely *pro se* brief setting forth four alleged "errors of law" made in relation to the calculation of his Sentencing Guidelines range.[1] We have jurisdiction under

28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons stated below, we will grant counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.

Evaluation of an *Anders* brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). Where the *Anders* brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a *pro se* brief. *See id.* at 301. We conclude that the brief in this case is adequate, and thus, it will guide our independent review of the record.

As his counsel acknowledges, Reddick is precluded from bringing an appeal due to a waiver contained in his plea agreement. "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir.2001). Under the terms of Reddick's plea agreement, Reddick waived, *inter alia*, his right to appeal under 18 U.S.C. § 3742 or on any other ground and waived his right to challenge any sentence or the manner in which the sentence was determined. A review of the Change of Plea hearing transcript demonstrates that the waiver was valid, knowing, and voluntary, as the District Court thoroughly reviewed the appellate waiver provisions of the plea

---

1. By this Court's order, Reddick was given until February 14, 2007 to file a *pro se* brief in response to the analysis set forth in his coun-

sel's *Anders* brief. On August 29, 2007, several months after the deadline for filing his response had passed, Reddick filed with the Court a document entitled "Supplement Issues to be reviewed On Direct Appeal" ("Supplemental Brief").

agreement with Reddick during its Rule 11 colloquy and again reminded Reddick of the waiver provisions at sentencing. In his Supplemental Brief, Reddick makes no argument as to why the waiver of appeal should not be enforced, and neither he nor his counsel identify any potential error amounting to a miscarriage of justice. Our independent review of the record yields no non-frivolous arguments that could possibly support an appeal in light of Reddick's waiver.

Accordingly, we will AFFIRM the District Court's judgment of conviction and sentence and, in a separate order, GRANT counsel's motion to withdraw.